**KELLY ANN BOOTH (10910)**
LAW OFFICES OF
**KELLY ANN BOOTH** PLLC
WELLS FARGO CENTER
299 SOUTH MAIN STREET, 13TH FLOOR
SALT LAKE CITY, UTAH 84111-2241
(801) 534-4440 PHONE
(801) 618-3835 FACSIMILE
kellyann@boothlegal.com

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -v- <br><br> MICHAEL RICHARD BAY, <br><br> Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT** <br><br> Case № 2:09CR00083 TS <br><br> The Honorable Ted Stewart |

COMES NOW MICHAEL BAY, by and through his counsel, Kelly Ann Booth, and pursuant to Fed R. Crim. P. 12(b)(2) and DUCrimP 12-1, submits this Memorandum in Support of his Motion to Dismiss Indictment.

## BACKGROUND INFORMATION

For this Memorandum only, Mr. Bay concedes the facts presented in discovery provided by the United States. The discovery relates the following:

On January 22, 2009, Michael Bay called Utah County Sherriff's Deputies to prevent the argument with his wife, Jennifer, from escalating. At no time was Mr. Bay comba-

tive or violent. After negotiating for the removal of property from the residence, it was revealed that Mrs. Bay's firearm was at the home.

This firearm belongs to Mrs. Bay and she bought it prior to marrying Mr. Bay. Critically, Mr. Bay is not accused of using his wife's firearm or physically possessing it. Moreover, Jennifer Bay has previously testified under oath—and has promised to testify again—that since Mr. Bay's conviction, she is the only person to have physically possessed the firearm in question.

## ARGUMENT

Upon receiving a motion to dismiss indictment, this Court musk ask "not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."[1] Furthermore, it "may be desirable when the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case."[2]

In this case, the government's discovery reports that Mr. Bay constructively possessed his wife's firearm. The government concedes that Mr. Bay never threatened himself or others. Moreover, the government fails to allege that Mr. Bay used the firearm or is prospective threat to himself or others. Therefore, Mr. Bay's right to be married to his wife, Jennifer, and her right to possess firearms, resulted in the Indictment. Moreover,

---

[1] *United States v. Sampson*, 371 U.S. 75, 78-79 (1962).

[2] *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991).

Mr. Bay retains a limited right to constructively possess firearms for self and home defense. Accordingly, the facts of this case fail to amount to a crime because, as-applied to Mr. Bay, 18 U.S.C § 922(g)(1) is unconstitutional.

I. **Under the 14th Amendment, Mr. Bay enjoys fundamental marriage rights. Under the 2nd Amendment, Mrs. Bay enjoys the fundamental right to keep and bear arms. These rights are harmonious.**

As-applied to Mr. Bay, 18 U.S.C § 922(g)(1) impermissibly denies him the right to be married to his wife, Jennifer Bay, and to live in their home as a family when she exercises her 2nd Amendment right to keep a firearm for the purpose of home defense. Additionally, 18 U.S.C § 922(g)(1) fails to provide a right to retreat or allow for innocent possesion. Therefore, the restrictions placed on Mr. Bay's fundamental rights by 18 U.S.C. § 922(g)(1) are unconstitutional.

A. *When the Court evaluates whether the restrictions placed on Mr. Bay's fundamental right by 18 U.S.C. § 922(g)(1) are constitutional, strict scrutiny applies.*

In *District of Columbia v. Heller*, the United States Supreme Court failed to specify the level of scrutiny applicable to constitutional challenges to firearm restriction laws. The Court, however, rejected two methods of scrutiny: (1) rational basis;[3] and (2) "interest-balancing inquiry" suggested by Justice Breyer.[4]

Therefore, implicitly, the Court endorses strict scrutiny as the standard for review for two reasons: (1) the 2nd Amendment is a fundamental right; and (2) the *Heller* Court grouped the right to keep arms with other fundamental rights analyzed under strict

---

[3] *Id*. at 2817 n. 27.

[4] *Id*. at 2821.

scrutiny such as "freedom of speech, the guarantee against double jeopardy, [and] the right to counsel…"[5]

Accordingly, the government must show that § 922(g)(1) is narrowly tailored to serve a compelling government interest, as applied to the facts of this case.

### B. The United States Constitution's 14th Amendment entitles Michael Bay to be married and to share a home with his wife and children.

Under Equal Protection, Mr. Bay enjoys the right to be married to his wife, to raise their children, and to live in their home. "The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men. Marriage is one of the basic civil rights of man, fundamental to our very existence and survival."[6] The United State Supreme Court wrote this over 40 years ago in *Loving v. Virginia*. And in many more cases, it has affirmed marriage as a fundamental right. In the 19th century, in *Maynard v. Hill*, the Court wrote that marriage is "the most important relation in life;"[7] that it is "the foundation of the family and of society, without which there would be neither civilization nor progress."[8] In *Meyer v. Nebraska*, the Court wrote that "the right 'to marry, establish a home and bring up children' is a central part of the liberty protected by the Due Process Clause."[9]

---

[5] *Id*. at 2797, 2821, and 2817 n. 27.

[6] *Loving v. Virginia*, 388 U.S. 1, 12 (1967).

[7] *Maynard v. Hill*, 125 U.S. 190, 205 (1888).

[8] *Id*. at 211.

[9] *Zablocki v. Redhail*, 434 U.S. 374, 284 (1978) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)).

Mr. Bay's previous convictions cannot nullify this right. Those same convictions fail to impact Jennifer Bay's autonomy; she is permitted to own and use firearms at will. Her 2nd Amendment rights are fully intact.

> C. *Jennifer Bay enjoys an unrestricted 2nd Amendment right to keep and bear arms. Mr. Bay has a restricted 2nd Amendment right to keep and bear arms in his home for the purpose of self and home defense.*

In *District of Columbia v. Heller*, the United States Supreme Court held that the 2nd Amendment protects a fundamental and individual right to keep and bear arms.[10] Jennifer Bay enjoys this right, unrestricted. Despite his prior convictions, Mr. Bay retains 2nd Amendment protections on a limited basis: He can constructively possess a firearm, in his home, for the purposes of self and home defense.

The *Heller* Court held that the prohibition on possession of firearms by restricted persons is presumptively lawful. Yet the Heller Court failed to elaborate the reasoning for that presumption. And crucially, a presumption of lawfulness fails to be synonymous with irrefutable lawfulness. Here, as applied, 18 U.S.C. § 922(g)(1) is unconstitutional because the government's interest in restricting Mr. Bay from constructively possessing a firearm is *de minimis* and cannot pass strict scrutiny.

> 1. *The government fails to demonstrate a compelling interest in restricting Mr. Bay's individual right under the Second Amendment.*

In *Small v. U.S.*, the United States Supreme Court stated that with 18 U.S.C. § 922(g)(1), "Congress sought to keep guns out of the hands of those who have demonstrated that

---

[10] *District of Columbia v. Heller*, 128 S. Ct. 2783, 2798 (2008) ("By the time of the founding, the right to have arms had become fundamental for English subjects").

they may not be trusted to possess a firearm without becoming a threat to society."[11] Mr. Bay has never demonstrated by constructively possessing a firearm, he may become a threat to society; the factual basis for his prior conviction stem from fractured ribs his child received when he had colic. Therefore, when a defendant fails to show prior misuse of a firearm, under strict scrutiny, 2nd Amendment protections remain intact.

   2. *Applying strict scrutiny to the facts of this case, shows that 18 U.S.C. § 922(g)(1) is unconstitutional.*

Under strict scrutiny, a constitutional infringement is defensible "only if it is narrowly tailored to achieve a compelling state interest."[12] By 18 U.S.C. § 922(g)(1) stated purpose, it contemplates that its violator pose a prospective risk of violence society. In this case, the government fails to allege that Mr. Bay poses a prospective risk of violence to anyone, much less society.

Moreover, 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Mr. Bay because it fails to except circumstances beyond Mr. Bay's control; the lawful possession of a firearm by Jennifer Bay. Mr. Bay's right to be married to his wife, whom he was married to before his previous convictions were entered, supersedes the government's interest in banning his constructive possession of firearm where it has failed to demonstrate a prospective risk of violence.

Based on the government's facts, the 18 U.S.C. § 922(g)(1) fails to narrowly tailor its restrictions. As applied to Mr. Bay, the government uses 18 U.S.C. § 922(g)(1)'s blanket

---

[11] *Small v. United States*, 544 U.S. 385 (2005).

[12] *Colorado Christian University v. Weaver*, 534 F.3d 1245, 1266 (10th Cir. 2008).

restrictions to indict a man for constructively possessing his wife's firearm and refuses to allow for innocent possession or a right to retreat.

## Conclusion

The factual basis for the Indictment against Mr. Bay shows that as-applied, 18 U.S.C. § 922(g)(1) is unconstitutional. Therefore Mr. Bay respectfully requests this Court order the Indictment against him dismissed.

RESPECTFULLY SUBMITTED on this 17th day of July, 2009.

_____
Kelly Ann Booth
*Attorney for Defendant*

# CERTIFICATE *of* SERVICE

This is to certify that on the 17th day of July, 2009, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification to the following:

Drew Yeates
Assistant United States Attorney

_____