IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>MICHAEL RICHARD BAY,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT<br><br><br><br><br><br>Case No. 2:09-CR-83 TS |

　　This matter is before the Court on Defendant's Motion to Dismiss the Indictment filed July 17, 2009.[1] Oral argument on the matter was heard on October 14, 2009.[2] Defendant was charged in the indictment with one count of violating 18 U.S.C. § 922(g)(1), possession of a firearm by a restricted person.[3] Defendant argues that the Indictment's single count is unconstitutional as applied to him under both the Second and Fourteenth Amendments to the United States Constitution, and recent case law interpreting those provisions.[4] The government

---

[1]Docket No. 39.

[2]Docket No. 47.

[3]Docket No. 1.

[4]Docket No. 39 at 1.

1

argues that the motion should be denied because the Second Amendment right to bear arms and the decision in *District of Columbia v. Heller*,[5] are inapplicable to persons with a restricted status as a felon, and has never been found to impermissibly burden Second Amendment rights under any form of heightened scrutiny.[6] The government further argues that Defendant's spouse's Second Amendment right to have a firearm does not trump Defendant's restricted status as a felon, nor does his restricted status effect any of his Fourteenth Amendment rights. Because the Court finds the indictment is facially valid, and does not find that § 922(g)(1) is unconstitutional as applied to Mr. Bay, the Court will deny the motion.

## I. Factual Background

The following facts are taken from the government's Memorandum in Opposition.[7] On January 22, 2009, law enforcement officers were summoned to the home of Mr. and Mrs. Bay in Eagle Mountain, Utah, due to a property dispute between Mr. Bay and his wife. The officers responded to the residence in an effort to keep the peace.

Mrs. Bay told law enforcement that she had two guns stored at Mr. Bay's family's cabin and asked how she could get them back. Mr. Bay, after overhearing the conversation, voluntarily stated that there was only one firearm and that he had transported it to the home from the cabin the night before. One of the officers asked Mr. Bay where the gun was located and Mr. Bay pointed to the shed on the side of the house. The Officer then walked with Mr. Bay to the shed where Mr. Bay pointed inside the shed and stated the gun was on the floor in a green bag. The

---

[5]128 S.Ct. 2783 (2008).

[6]Docket No. 45 at 1, 6.

[7]*Id*.

officer then retrieved the gun. Shortly thereafter, the officers learned that Mr. Bay had been convicted of two counts of felony child abuse.

In Defendant's Memorandum in Support he concedes facts presented by the government through discovery, mainly that Defendant was in constructive possession of the firearm.[8] At oral argument, however, Defendant indicated that the facts are now disputed, by stating their belief that Mrs. Bay was in possession of the firearm the entire time. However, this factual dispute is not for the Court to resolve on this motion, and in any event is a question for the jury.

## II. Standard of Review

A facially valid indictment, returned by a legally constituted and unbiased grand jury, is enough to call for a trial on the merits.[9] Thus, pretrial dismissal of an indictment is a "rare exception,"[10] appropriate only in rare circumstances, where the Court is able to make "a determination that, *as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt."[11] When presented with a motion to dismiss the indictment, "the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense."[12]

---

[8] Docket No. 40 at 2.

[9] *Costello v. United States*, 350 U.S. 359, 363 (1956).

[10] *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994).

[11] *Id*.

[12] *United States v. Sampson*, 371 U.S. 75, 78-79 (1962). *See also United States v. Todd*, 466 F.3d 1062, 1067 (10th Cir. 2006) ("an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.").

### III. Discussion

Defendant argues in his Motion, and the government concedes, that he constructively possessed his wife's firearm, and that he never threatened to hurt himself or others. Defendant further argues that the government does not allege Defendant used the firearm, or that he is a prospective threat to himself or others. Therefore, Defendant concludes, Defendant's right to be married to his wife, and her right to possess a firearm, resulted in this Indictment. Defendant also contends that even as a restricted person, he retains a limited right to constructively possess a firearm for self and home defense. Accordingly, Defendant argues the facts of the case fail to amount to a crime.

The crux of Defendant's argument is that his fundamental marriage rights are harmonious with his wife's Second Amendment right to keep and bear arms, and by limiting his rights of access to his wife's firearm, his fundamental rights to marriage and her right to bear a firearm are unconstitutionally restricted. At oral argument, Defendant added an additional issue in support of dismissing the indictment. Defendant alleged that the government was obligated in the Indictment to allege constructive possession, which they did not do, and therefore the Indictment is insufficient as a matter of law.

Both parties seem to concede that post *Heller*, strict scrutiny would apply, even though the Supreme Court in that case declined to adopt a specified level of scrutiny. The *Heller* Court rejected both the rational basis the interest-balancing inquiry.[13] The Court also described the right to keep and bear arms as a fundamental right that the Second Amendment was intended to protect, and the Tenth Circuit has declared that strict scrutiny is applied when fundamental rights

---

[13] 128 S.Ct. at 2818 n. 27, 2852 (Breyer, J., dissenting).

are at stake.[14] Therefore, the Court will apply strict scrutiny analysis to the application of § 922(g)(1) to Defendant.

The Court will first address the sufficiency of the Indictment before turning to the Constitutional issues.

*A. Validity of the Indictment*

The government was not obligated to establish constructive possession in the Indictment. The Tenth Circuit has stated, "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."[15] Well established Tenth Circuit precedent states that constructive possession is sufficient to prove possession under 18 U.S.C. § 922(g)(1).[16]

The Tenth Circuit has not ruled specifically on whether an indictment for violating 18 U.S.C. § 922(g)(1) must specify "constructive possession" as opposed to simply stating "possession." The Tenth Circuit has stated though, that "possession of a firearm for purposes of

---

[14] *Id.*; *See Seegmiller v. LaVerkin City*, 528 F.3d 762, 771 (10th Cir. 2008) ("If a fundamental right were at stake, only heightened scrutiny would have been appropriate."); *Save Palisade Fruitlands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002) ("[W]e will . . . apply strict scrutiny if the state's classification burdens the exercise of a fundamental right guaranteed by the U.S. Constitution.").

[15] *United States v. Todd*, 466 F.3d 1062, 1067 (10th Cir. 2006) (internal quotations omitted).

[16] *See United States v. Hishaw*, 235 F.3d 565, 571 (10th Cir. 2000); *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994); *United States v. Cardenas*, 864 F.2d 1528, 1533 (10th Cir. 1989).

18 U.S.C. § 922(g)(1) can either be actual or constructive."[17] The First Circuit has, however, addressed this narrow question in *United States v. Rogers*.[18] The Court found that "constructive possession *is* possession, not a separate predicate act that has to be spelled out in the indictment."[19]

The First Circuit's conclusion is consistent with Tenth Circuit precedent, and the indictment at issue in *Rogers* was nearly identical to the one against Mr. Bay in this case. The Indictment in this case alleges the elements of 18 U.S.C. § 922(g)(1) by listing the date of the offense and the model of the particular firearm.[20] If proven, these allegations are sufficient to establish a violation of the statute, put the Defendant on notice of the crime charged, and allow him to determine whether he has an available double jeopardy defense. Therefore, the Indictment is legally sufficient and need not specify "constructive possession" specifically.

Moreover, it is of no consequence that the government has never demonstrated that by Defendant constructively possessing a firearm, that he is or may become a threat to society. The Tenth Circuit has made clear that to establish a violation of 18 U.S.C. § 922(g)(1), "[t]he government need not establish that the defendant possessed the contraband for any illicit purpose; the defendant's motive . . . is irrelevant to the crime."[21] "[U]nless [the] felon truly did not know that what he possessed was a firearm . . . § 922(g) will still impose criminal

---

[17] *United States v. McCane*, 573 F.3d 1037, 1046 (10th Cir. 2009).

[18] 41 F.3d 25 (1st Cir. 1994).

[19] *Id.* at 30 n.3.

[20] Docket No. 1.

[21] *United States v. Baker*, 508 F.3d 1321, 1324-35 (10th Cir. 2007) (citing *United States v. DeSoto*, 950 F.2d 626, 632 (10th Cir. 1991)).

liability."[22]  Although the Tenth Circuit has recognized a very narrow necessity defense to § 922(g),[23] it explicitly refused to adopt an innocent possession defense.[24]

In *Baker*, the defendant was charged under 18 U.S.C. § 922(g)(1) as a felon in possession of ammunition.[25]  Defendant requested a jury instruction for the defense of "innocent possession."[26]  Under the proposed instruction, defendant was entitled to the defense where (1) "[t]he ammunition was obtained innocently and held with no illicit purpose;" and (2) "[p]ossession . . . was transitory, i.e. in light of the circumstances presented there is a good basis to find the defendant took adequate measure to rid himself of possession of the ammunition as promptly as reasonably possible."[27]  The Tenth Circuit affirmed the District Court's refusal to present the instruction noting that § 922(g)(1) requires "knowing" possession, not "willfulness" which "generally requires that the defendant act with a bad purpose."[28]  "[B]y prohibiting knowing possession, the statute does not invite inquiry into the reason the defendant possessed the ammunition, as long as the defendant knew it was ammunition he possessed."[29]  Therefore, whether Mr. Bay ever posed a threat to society by constructively possessing a firearm is

---

[22]*United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir. 1999).

[23]*See United States v. Al-Rekabi*, 454 F.3d 1113, 1121 (10th Cir. 2006).  Necessity is not before the Court.  It requires "(1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal relationship . . . . between defendant's action and the avoidance of harm." *Id*.

[24]*Baker*, 508 F.3d at 1325-27.

[25]*Id*. at 1323.

[26]*Id*.

[27]*Id*. at 1325.

[28]*Id*. (internal citations omitted).

[29]*Id*. (citing *Adkins*, 196 F.3d at 1115).

irrelevant to his culpability under § 922(g)(1).

*B. Second and Fourteenth Amendments*

Turning to the Constitutional questions at issue, the Court finds that Defendant's arguments, although interesting, are not supported by law and are not ripe for review at this stage in the proceeding. In order to survive strict scrutiny, the government must show that the law is narrowly tailored to serve compelling government interests. The legislative purpose of § 922(g)(1) is "keeping guns out of the hands of convicted felons."[30] The Court finds that keeping guns out of the hands of convicted felons in order to protect society as a whole is a compelling government interest.

In its Memorandum in Opposition, the government correctly states that although the *Heller* Court held that the right to bear arms is an individual right, it simultaneously acknowledged the Second Amendment has its limitations.[31] The Court further emphasized that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . ."[32] The Court went on to state that its holding in *Heller*, addressed only "law abiding, responsible citizens."[33] Additionally, every case post *Heller* to consider the constitutionality of § 922(g)(1) has upheld the statute as

---

[30]*United States v. Baker*, 523 F.3d 1141,1142 (10th Cir. 2008) (citing *United States v. Mason*, 233 F.3d 619, 624-25 (D.C. Cir. 2000).

[31]128 S.Ct. at 2816.

[32]*Id*. at 2816-17.

[33]*Id*. at 2821.

constitutional.[34]

Even in the face of contradictory case law, Defendant maintains he has a limited right, under the Second Amendment, to constructively possess a firearm for his self and home defense.[35] Defendant, however, provides no support in the law for this position, and the Supreme Court's express approval of prohibitions on the possession of firearms by felons indicates that Defendant's position is not currently the law. Therefore, this Court must reject Defendant's arguments.

Defendant also argues that his fundamental right to marriage is impinged. However, the government lays out numerous constitutional rights forfeited by felons. The constitutionality of the loss of certain rights is expressly recognized in Section 2 of the 14th Amendment. The Supreme Court further explained and upheld the forfeitures in *Richardson v. Ramirez*.[36] The *Richardson* Court held "that disenfranchisement of convicted felons who had completed their sentences and paroles did not deny equal protection."[37] Convicted felons are not typically permitted to serve on a jury.[38] Similarly, a probationer or a parolee is generally restricted from leaving a state, despite the right to travel among states protected by the "Privileges and Immunities" clause in Article IV, Section 2 and by the 14th Amendment.

---

[34] *United States v. Marzella*, 595 F.Supp. 2d 596, 598-99 (W.D. Pa. 2009) (collecting cases).

[35] Docket No. 40 at 3.

[36] 418 U.S. 24 (1974).

[37] *Id.*

[38] 28 U.S.C. § 1865(b)(5); *See, e.g.*, *United States v. Barry*, 71 F.3d 1269, 1273-74 (7th Cir. 1995); *United States v. Arce*, 997 F.2d 1123, 1127 (5th Cir. 1993); *United States v. Greene*, 995 F.2d 793, 798 (8th Cir. 1993); *United States v. Foxworth*, 599 F.2d 1, 4 (1st Cir. 1979).

Although criminal penalties have the potential to create friction in a marriage, 18 U.S.C. § 922(g) is not one of them.[39]  As the government points out, the law does not prohibit a felon from living in a home where firearms are present, it merely prohibits a felon from actually or constructively possessing any firearm in or affecting commerce.[40]  Therefore, the law does not restrict either Defendant's right to be married, his right to live in the marital home, or his right to raise his children, as argued by Defendant.[41]  Moreover, the question of whether or not Defendant constructively possessed a firearm here is an issue for the jury, not the Court.  Because Defendant is not prohibited from living with his wife and her firearm, the Court finds the restriction is narrowly tailored as applied to him.  Although Defendant makes an interesting argument that the restrictions placed on him also impinge his wife's Second Amendment Right to possess her firearm, Mr. Bay may not raise a constitutional challenge on behalf of his wife, nor is that issue appropriate for the Court to decide at this time.

### III. Conclusion

For the reasons state above the Court will DENY Defendant's Motion to Dismiss the Indictment (Docket No. 39).  It is further

ORDERED that a three day jury trial is scheduled for February 2, 2010, at 8:30 A.M.  The time between the filing of this Motion and February 2, 2010 will be excluded from the Speedy Trial Act according to 18 U.S.C. § § 3161(h)(1)(D) and 3161(h)(1)(H).

---

[39] Docket No. 45 at 11.  In its Memorandum in Opposition, the government discusses general criminal penalties likely to create friction and inconvenience in a marriage such as sex offenders being prohibited from coming within 1,000 feet of a preschool, licensed daycare, school, public pool, community park or playground.

[40] 18 U.S.C. § 922(g).

[41] Docket No. 40 at 4-5.

DATED   November 13, 2009.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge