IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD BAY<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT<br><br><br><br>Case No. 2:09-CR-83 TS |

This matter is before the Court on Defendant's Motion to Dismiss the Indictment for failure to comply with the Speedy Trial Act 18 U.S.C. § 3161. For the reasons discussed below the Court will grant the Motion and dismiss the indictment without prejudice.

**I. Factual Background**

Defendant is charged with a violation of 18 U.S.C. § 922(g)(1), felon in possession. The following facts are not disputed by the parties and are taken from the Docket.[1] Defendant was indicted by a federal grand jury on February 11, 2009. Two days later, on February 13, 2009,

---

[1] *See* Defendant's Motion to Dismiss, Docket No. 53, at 1-2 and United States' Response to Defendant's Motion to Dismiss, Docket No. 54, at 2-3.

1

Defendant appeared before a Magistrate Judge on February 13, 2009, and pleaded not guilty. This appearance began Defendant's speedy trial clock.[2] After 28 days, on March 13, 2009, Defendant filed a motion to extend the pre-trial motion deadline. This tolled speedy trial time. On March 25, 2009, the new pre-trial deadline, Defendant filed a motion to extend the deadline again. The motion was granted by the Court, and the new deadline was set to March 30, 2009. The Court excluded the time from speedy trial calculations according to the ends-of-justice and 18 U.S.C. § § 3161(h)(8)(A)(B)(ii) and (B)(iv).[3] On March 30, 2009, Defendant filed a motion for a bill of particulars and two motions to suppress. These motions also tolled time under the speedy trial act. The Court ruled on those motions on June 30, 2009, reactivating the speedy trial clock. Seventeen days later, on July 17, 2009, Defendant filed his first motion to dismiss the indictment. This motion also tolled the speedy trial clock. The Court denied that motion on November 13, 2009. That order again reactivated the Speedy Trial Act. Based on that order a trial was set for February 2, 2010. Defendant filed this Motion on January 14, 2010. Between November 13, 2009 and January 14, 2010, 63 un-tolled speedy trial days had passed. At a minimum those 63 days, in addition to the 28 days that passed in March of 2009, violated the 70-day Speedy Trial Act requirement.[4]

## II. Analysis

Defendant argues that the Speedy Trial Act has been violated because the Court excluded the time from the conclusion on the last motion on November 13, 2009, under 18 U.S.C. § §

---

[2] 18 U.S.C. § 3161(c)(1).

[3] Docket No. 15.

[4] 18 U.S.C. § 3161(c)(1).

3161(h)(1)(D) and 3161(h)(1)(H), without including a general ends of justice provision. The Defendant posits that the two sections only exclude two specific types of time periods, neither of which are present here.

The first, subsection (D) is when a pretrial motion requires a hearing and the entire period between the filing of the motion and the conclusion of the hearing are excluded. The second type is when a motion requires prompt disposition, but no hearing. Subsection (H) is relevant under the second type and only permits an exclusion of 30 days from the time a motion is actually under advisement by the court. Defendant quotes *Henderson v. United States*,[5] for the proposition that "[w]ithout the promptness requirement in subsection [D], a court could exclude time beyond subsection [H]'s 30-day 'under advisement' period by designating the additional time as 'from the filing of the motion' through its 'disposition' under subsection [D]."[6] Therefore, Defendant argues, the 30-day period ended on November 13, 2009, when the Court ruled on the last motion.[7]

The government argues that the Court may retroactively enter on the record its findings of fact "made contemporaneously with the granting of the continuance . . . if done before the court rules on a defendant's motion to dismiss"[8] on speedy trial grounds. The government contends that if the Court now enters findings of fact known to the Court justifying the continuance under the "ends of justice" the time would be excluded. Defendant contests this argument and states

---

[5]476 U.S. 321, 329 (1986).

[6]*Id*.

[7]*See* Docket No. 48.

[8]*United States v. Toombs*, 574 F.3d 1262, 1269 (2009).

that although the Court may enter findings of fact, entering the findings in the manner requested by the government would amount to a retroactive grant of an ends-of-justice continuance which is specifically prohibited.[9]

The Court finds that the Speedy Trial Act has been violated and may not be cured retroactively by findings of the Court sufficient to sustain an ends-of-justice continuance. Therefore the Court will dismiss the indictment.

Defendant asks the Court to dismiss the indictment with prejudice. Defendant states he will be prejudiced because the testimony of the government's witnesses has already changed between the time they testified at a state Order to Show Cause hearing and the time they testified in this Court's suppression hearing. Defendant further argues that after a new indictment and pretrial motions, he will have waited an additional year for trial, and that during that time period the government's witnesses may experience, unintentionally, confirmation bias, leading them to falsely remember statement timing which would "gut" previous suppression and prejudice him.[10] Defendant also argues that although the crime for which he was indicted is generally a serious crime, the facts surrounding his indictment were not serious as they posed no danger to anyone, did not involve any threats, and arguably were started by his cautious call to the police in order to avoid escalation of a minor disagreement. Defendant further argues this extra year will create anxiety for Defendant and will negatively impact his efforts to restore his family relations.

---

[9]*United States v. Williams*, 511 F.3d 1044, 1055 (10th Cir. 2007) (holding the Speedy Trial Act "does not allow a district court to retroactively grant an ends-of-justice continuance").

[10]The Defendant states the government now alleges he told officers, precustody, that he physically possessed the firearm. The Court denied Defendant's Motion to Suppress certain statements made prior to "custodial interrogation." Defendant argues that the government's new position might effect statements previously suppressed.

"Whenever a Speedy Trial Act violation takes place, it is very likely that the government has made a mistake of some sort; in order to secure a dismissal with prejudice, a defendant must do more than point to that mistake with rising indignation."[11]  A trial court must weigh three factors in exercising its discretion to dismiss charges with or without prejudice for Speedy Trial Act violations: 1) the seriousness of the offense; 2) the circumstances leading to dismissal; and 3) the effect of re-prosecution on the administration of justice.[12]

Defendant is charged with a serious crime, felon in possession, a conviction for this offense carries a possible term of imprisonment of ten years and a fine of up to $250,000.[13]  Defendant admits that the delay and the current alleged violation of the Speedy Trial Act was negligent and not malicious.  The Court finds the violation here occurred based on the negligence of the government.  Although the Court does not condone such negligence it understands that the Tenth Circuit's recent opinions, *United States v. Toombs* and its progeny[14] the first significant decisions regarding the Speedy Trial Act in a number of years, announced a much stricter standard than had previously been understood by the government, defendants and the courts.  The Court also notes there is no pattern of negligence in this case.  Further, Defendant is not in custody.  Although witness recollection is not something to take lightly, the Court does not find it to be overly prejudicial in this case.  Any prejudice to Defendant  may be minimized through other measures.  This is not a case where the witnesses are no longer available, or where the

---

[11]*United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005).

[12]*See* 18 U.S.C. § 3162(a).

[13]United States' Response to Defendant's Motion to Dismiss, Docket No. 54, at 2.

[14]574 F.3d 1262574 F.3d 1262 (10th Cir. 2009).

Defendant has been in custody throughout the resolution of his case.

Therefore dismissal with prejudice is not appropriate.

### III. Conclusion

Based on the above, it is hereby

ORDERED that Defendant's Motion to Dismiss the Indictment (Docket No. 53) is GRANTED.  It is further

ORDERED that the Indictment be dismissed WITHOUT PREJUDICE.

DATED February 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge